Froessel, J. (dissenting).
The by-laws of Radium Chemical Company, Inc., provided for a board of four directors, a majority of whom “ shall constitute a quorum for the transaction of business-”. Prior to 1955 the board consisted of appellant Meacham, who had succeeded her father (appellant Gearing’s late husband), respondent Kelly, Sr., and Margaret E. Lee. In 1955 Kelly, Jr., was elected to the then vacant directorship. The board continued thus until Margaret Lee offered her resignation in 1961 and, on March 6 of that year, at a meeting of the board of directors at which she and the two Kellys were present, her resignation was accepted. Thereupon the two Kellys elected Julian Hemphill, a son-in-law of Kelly, Sr., to replace Margaret Lee.
I agree with Justice Eager, who dissented in the Appellate Division, that two members of the board were insufficient to constitute a quorum in this case for the purpose of electing the new director. It necessarily follows that the election of Julian Hemphill is not merely irregular, as the majority hold, but is wholly void and must be set aside.
Section 25 of the General Corporation Law grants to the court two alternatives in a case such as this: (1) to confirm the election, or (2) to order a new election as justice may require (Matter of Faehndrich, 2 N Y 2d 468, 474). As we held in the ease just cited, the clause “ as justice may require ” does not enlarge the court’s power nor authorize it to grant different relief from that specified in the statute. There is no basis whatever here for the application of the doctrine of estoppel, and in *205 no event could it reasonably be applied to the non-director, appellant Gearing, a substantial stockholder in this corporation. The purported election is, therefore, a nullity.
This is a mere contest for control, and the court should not assist either side, each of which holds an equal interest in the corporation, particularly where, as here, petitioners were willing that director Meacham attend meetings for the purpose of transacting all the necessary business of the board, but were unwilling that she attend a meeting, the purpose of which was to strip them of every vestige of control. Appellant Meacham had surrendered nothing in 1955 when she permitted Kelly, Jr., to become a director as well as Ms father, for Margaret Lee was then a third director.
The statute mandates a new election and that should be ordered. It is no answer to say that the results will probably be the same. If the parties are deadlocked, whether as directors or stockholders, and choose to remain that way, they have other remedies, and I see no reason why we should help one side or the other by disregarding a by-law that follows the statute (General Corporation Law, § 27), particularly when it results in giving the Kellys complete control of the corporation.
I would, therefore, reverse the order appealed from, and modify the order of Special Term by ordering a special election and affirming it in all other respects.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke and Foster concur in Per Curiam opinion; Judge Froessel dissents in an opinion in which Judge Dye concurs.
Order affirmed.